IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MICHIGAN

PATRICK T. FIELDS,

    Plaintiff,

vs.

UNITED STATES, INTERNAL REVENUE SERVICE,

    Defendants.

2:12-cv-14753

DECLARATION OF SHEIDA LAHABI

I, Sheida Lahabi, make the following declaration in lieu of an affidavit as permitted by Section 1746 of Title 28 of the United States Code. I am aware that this declaration will be filed with the United States District Court for the Eastern District of Michigan, and that it is the legal equivalent of a statement under oath.

1. I am an attorney in the Office of Chief Counsel for the Internal Revenue Service. I am assigned to the Procedure and Administration Division. I have held this position since September 2010.

2. My duties as a Procedure and Administration attorney include assisting the Department of Justice defend the IRS in Freedom of Information Act (FOIA) cases. After I was assigned the subject case, I investigated how the Service processed the plaintiff's FOIA requests.

3. All FOIA requests, regardless of what office receives them, are entered into the IRS's Automated Freedom of Information Act System (AFOIA), which is the inventory control and case management system that the IRS uses to track and process requests for agency records under the FOIA, Privacy Act, and I.R.C. § 6103. Disclosure Office personnel entering requests into the system use the requestor's name as the case control name. The AFOIA system then assigns a case file number.

4. Program Analysts in the Service's Disclosure Office have access to the AFOIA system. Accordingly, on November 7, 2012, I contacted Frank Weber, a Program Analyst in the Disclosure Office Headquarters of the Internal Revenue Service, regarding this case. Mr. Weber accessed the AFOIA system to determine whether plaintiff, Patrick T. Fields, had submitted a FOIA request to the IRS Disclosure Office. Mr. Weber searched for FOIA requests using plaintiff's name. The search revealed that plaintiff submitted five separate FOIA requests. The Service's Disclosure Office responded to each request, as described in detail below.

5. First FOIA Request: By letter dated June 27, 2012, which was received by the IRS Disclosure Office on August 1, 2012, plaintiff submitted his first FOIA request to the IRS seeking a copy of his father's (John S. Fields') SS-4 Form, Employer Identification Number (EIN) application (Attached as Exhibit A is a true and correct copy of the first request). By letter dated August 14, 2012, the IRS Disclosure Office responded to plaintiff's request (Attached as Exhibit B is a true and correct copy of this response). The letter indicated that a written consent from the executor of the estate was necessary to process the FOIA request. For convenience, Form 8821, Tax Information Authorization, was enclosed.

6. Second FOIA Request: By letter dated August 8, 2012, plaintiff submitted his second FOIA request (Attached as Exhibit C is a true and correct copy of the second request). In this letter plaintiff requested the IRS to research records concerning the trusts of his deceased parents John S. Fields and Mattie L. Fields. The letter was received by the IRS Disclosure Office on August 13, 2012, before the IRS Disclosure Office responded to the first FOIA request. This letter, therefore, was construed as a new request as it neither supplemented nor perfected the first request. The Disclosure Office responded by letter dated August 20, 2012, asking for more information because from the request it could not determine what document, if

any, would be responsive to plaintiff's request (Attached as Exhibit D is a true and correct copy of this response). The letter pointed out that the FOIA request was imperfect and that plaintiff had 35 days to include necessary information in order to perfect his request.

7. Third FOIA Request: Plaintiff submitted his third FOIA request by letter dated August 30, 2012, which was received by the IRS Disclosure Office on September 5, 2012 (Attached as Exhibit E is a true and correct copy of the third request). In this letter, plaintiff referred to the case number assigned by the Disclosure Office to the second request. In this request, however, plaintiff requested copies of records from his father's estate including Form 1041, fiduciary schedules A, B, G, S, K1 and any attachments, which are different than the records requested in the first and second FOIA requests. In this request, plaintiff failed to provide the information requested by the Disclosure Office in the earlier responses and therefore did not supplement or perfect any earlier requests. Furthermore, plaintiff referred to the Privacy Act in this request but failed to meet the requirements for a request under the Privacy Act, and explicitly sought records from his father's estate and not his own information. The Disclosure Office treated this request as a new FOIA request and separate from the earlier two requests. The Disclosure Office responded by letter dated September 11, 2012, indicating that it could not process the request because plaintiff failed to provide his father's name, social security number, tax year, and deceased year (Attached as Exhibit F is a true and correct copy of this response). It also indicated that in order to process the request, it needed additional documents such as proof of right to access the requested records, description of the record in reasonably sufficient details, and a statement made under penalty of perjury affirming identity.

8. Fourth FOIA Request: Plaintiff submitted his fourth FOIA request by letter dated August 8, 2012, which was received by the IRS Disclosure Office on October 2, 2012 (Attached

as Exhibit G is a true and correct copy of the fourth request). I had a telephone conversation on November 13, 2012, with Frank Weber, a Program Analyst in the Disclosure Office Headquarters of the Internal Revenue Service, and confirmed that the letter was actually received by the Disclosure Office on October 2, 2012, even though the letter is stamped received by that office on September 20, 2012. The letter indicates that five pages were mailed with a notation at the bottom stating "1 of 5 pages." The Disclosure Office, however, received only one page which was marked as "1 of 5 pages." In this response, plaintiff requested a copy of his father's (John S. Fields') SS-4 Form, Employer Identification Number (EIN) application. This request, even though similar to the first request, sought additional records. Furthermore, plaintiff failed to perfect any earlier requests by providing the information previously requested by the Disclosure Office. The Disclosure Office construed this request as a new FOIA request and responded by letter dated October 4, 2012, indicating that it needed more information in order to process plaintiff's FOIA request (Attached as Exhibit H is a true and correct copy of this response). Specifically, the letter informed plaintiff that he needed to provide proof of his right to the requested records, establish his identity, and provide requisite social security numbers.

9. <u>Fifth FOIA Request</u>: Plaintiff sent a letter dated September 17, 2012, which was received by the IRS Disclosure Office on October 9, 2012 (Attached as Exhibit I is a true and correct copy of the fifth request). The letter was sent to the attention of "IRS Appeals Office of Administration." In this letter plaintiff indicated that he was appealing the IRS's adverse determination and that he included a copy of his allegedly perfected response letter. However, the IRS had not made any determination on any of plaintiff's requests because plaintiff had not perfected any of his FOIA requests. Plaintiff failed to provide the documents required in order to perfect his earlier FOIA requests. In this letter, plaintiff requested different records than earlier

requests. He referred to the Privacy Act and failed to meet the requirements for a request under the Privacy Act. In addition, plaintiff explicitly sought records for his father's estate, and not his own information. This letter, therefore, did not constitute an administrative appeal, and was treated as another FOIA request. The Disclosure Office responded by letter dated October 12, 2012, indicating that it needed more information in order to process plaintiff's FOIA request (Attached as Exhibit J is a true and correct copy of this response). It gave plaintiff 35 days to respond and perfect his FOIA request.

10. Notwithstanding the September 17, 2012, letter discussed above in paragraph 9, the IRS's Automated Freedom of Information Act System (AFOIA) indicates that plaintiff has neither perfected nor filed proper administrative appeals with respect to any of his five FOIA requests.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 10th day of January, 2013.

SHEIDA LAHABI
Attorney, Branch 7
(Procedure & Administration)
Office of Chief Counsel