## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

PATRICK T. FIELDS,                                    Case No.  12-14753

              Plaintiff,                        SENIOR U.S. DISTRICT JUDGE
v.                                                    ARTHUR J. TARNOW

INTERNAL REVENUE SERVICE,

              Defendant.
_____/


## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [7]

### I. Introduction

Before the Court is Defendant Internal Revenue Service's (IRS) Motion to Dismiss [7]. Beginning in August 2012, the IRS Disclosure Office received five separate Freedom of Information Act (FOIA) requests made by pro se Plaintiff Patrick T. Fields, which form the basis for this case.

Plaintiff alleges that he submitted a perfected FOIA request, sent two letters of appeal to the IRS, and that the IRS improperly withheld records, made an adverse determination, and "failed to show proof for its exemption."

In the Motion to Dismiss [7] now before the court, Defendant IRS claims that because Plaintiff never submitted a proper or perfected FOIA request, there was no FOIA request for the IRS to consider or deny, and that therefore, the IRS could not have made an adverse determination for Plaintiff to then appeal.

For the reasons stated below, Defendant's Motion to Dismiss [7] is GRANTED.

## II. Background

Plaintiff's first FOIA request, dated June 27, 2012, was received by the IRS Disclosure Office on August 1, 2012. Plaintiff sought a copy of his father's SS-4 Form, Employee Identification Number application. The IRS Disclosure Office responded by letter dated August 14, 2012, which stated that tax records are confidential and may not be disclosed unless specifically authorized by law. The IRS stated that written consent from the executor of Plaintiff's father's estate was necessary to process the FOIA request, and enclosed Form 8821, Tax Information Authorization. The IRS assigned this request case number F12215-0154.

In Plaintiff's second FOIA request, dated August 8, 2012, Plaintiff requested information from the IRS regarding the trusts of his deceased parents. Specifically, the letter asked the IRS for "records 5 or 5 power and records under 26 U.S.C. § 6321. The 5 or 5 power is the power to demand 5,000 or 5% of my father's and mother's trusts. Records under code § 6321 are records that could show a beneficial interest in property of both trusts." The IRS responded by letter dated August 20, 2012, and stated additional information was necessary to process Plaintiff's request because it could not be determined what document, if any, would be responsive to Plaintiff's request. The letter from the IRS to Plaintiff noted that the FOIA request was

imperfect, but that Plaintiff had thirty-five days to "perfect the request" and include necessary information. The IRS assigned the second request case number F12227-0030.

Plaintiff's third FOIA request was dated September 6, 2012, and was postmarked on August 30, 2012. In this request, Plaintiff specifically listed records sought, including "Form 1041, fiduciary schedules A, B, G, S, K1, and any attachments." Plaintiff did not provide the information requested by the IRS in response to Plaintiff's two previous requests, such as the Form 8821 or any other information showing he had a right to access his father's tax information. The IRS responded to this third request by letter dated September 11, 2012. In its response, Defendant IRS stated that Plaintiff failed to include any identifying information about his father's estate, provided insufficient proof of Plaintiff's identity, and failed to show that Plaintiff had the right to access the records. The IRS asked Plaintiff to resubmit the request with the proper documentation, including proof of Plaintiff's right to access the records and sufficient proof of identity. The IRS assigned this third request case number F12250-0108.

Plaintiff's fourth FOIA request was submitted by letter dated August 8, 2012, and was received by the IRS Disclosure Office on October 2, 2012. Plaintiff again sought his father's SS-4 Form, Employer Identification Number application as well

as "additional documents." Plaintiff did not provide identifying information about his father, nor did he provide written consent from his father's estate as requested by the IRS in its response to Plaintiff's first request. The Disclosure Office responded by letter dated October 4, 2012, and stated that Plaintiff must establish his identity, provide requisite social security numbers, and provide proof of his right to requested records. The IRS assigned the fourth request case number F13276-0019.

Plaintiff sent a fifth FOIA request by letter dated September 17, 2012, which was received by the Disclosure Office on October 9, 2012. Plaintiff indicated he was "appealing" the IRS's adverse determination and that he included a copy of his allegedly perfected response. Plaintiff wrote:

> I completed my request under both acts to the IRS Disclosure Office case number F12227-0030 [second request]. My request was in response to the IRS letter dated Aug. 20, 2012 which gave me my case number. On the next IRS letter dated Sept. 11, 2012, I received another adverse determination with a frivolous case number F12250-0108 [third request]. So I am appealing this adverse determination response letter from the IRS.

Plaintiff included a copy of his third FOIA request to the IRS, copies of letters received from the IRS in response to his second and third requests, and a request for additional records, including "1041, fiduciary K1, and undistributed net income attachments." However, Plaintiff did not include the information previously required by the IRS, such as consent from the executor of his father's estate, proof of Plaintiff's right to access the records, or proof of identity. The letter was treated as another FOIA

4

request by the IRS. The IRS Disclosure Office sent a letter in response dated October 12, 2012, which noted that the IRS required proof of Plaintiff's right to the records, proof of identity, as well as the social security number. The IRS assigned this fifth request case number F12250-0108.

In addition to the five requests that form the basis for this case, Plaintiff sent an additional letter to the IRS dated August 24, 2012, which was received on December 7, 2012, after the Complaint [1] was filed. In Plaintiff's Response [8] to Defendant's Motion to Dismiss [7], Plaintiff included a copy of the August 24 letter which was addressed to the "IRS Appeals Office of Administration." In that letter, Plaintiff alleged that the IRS denied his personal rights. Plaintiff also noted that the IRS informed him to provide consent from the executor of his father's estate. Within the letter, Plaintiff wrote, "this letter of appeal ... contains copies of supporting information." However, Plaintiff did not describe the supporting information purportedly included, nor did he include copies of the information.    Defendant's Motion to Dismiss [7] was filed on January 11, 2013. Plaintiff filed a Response [8] on February 1, 2013. Defendant filed its Reply [9] on February 13, 2013. Plaintiff filed a Reply Motion in Support of its Supplemental Pleading Motion [10] on March 6, 2013.

### III. Standard of Review

In a motion to dismiss, "the Plaintiff's well-pleaded factual allegations are taken as true, and reasonable inferences must be drawn in the Plaintiff's favour." *Meador v. Cabinet for Human Res.*, 902 F.2d 474, 475 (6th Cir. 1990). However, a court need not accept as true legal conclusions or draw unwarranted factual inferences. *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998). Further the plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The plaintiff's factual allegations must do more than demonstrate a "sheer possibility that a defendant has acted unlawfully." *Id.*

### IV. Analysis

**FOIA Request Requirements**

A proper FOIA request must "reasonably" describe the records sought, and comply with any "published rules stating the time, place, fees (if any), and procedures to be followed." 5 U.S.C. § 552(a)(3)(A). Under FOIA, an agency is required to make "promptly available" records that are "reasonably describe[d]" in a written request and are not exempt from disclosure. 5 U.S.C. §§ 552(a)(3)(A), 552(b). A request reasonably describes records if the "agency is able to determine precisely what records are being requested." *Kowalczyk v. Dep't of Justice*, 73 F.3d 386, 388 (D.C. Cir. 1996) (*quoting Yeager v. DEA*, 678 F.2d 315, 326 (D.C. Cir. 1982)).

6

If a requester does not meet the minimum requirements for a proper FOIA request, the IRS must notify the requester that the request does not meet certain requirements and that more information is needed before the request can be processed. IRM 11.3.13.5.4, *Internal Revenue Manual*. The letter must list the specific deficient item(s) and advise the requester that he/she has thirty-five calendar days to perfect the request. *Id*. The Internal Revenue Manual also states, "no appeal rights are available to imperfect requests." *Id*.

**Privacy Act Requirements**

For requests made under the Privacy Act, the requester must identify the system of records to be searched and "describe the nature of the records sought in sufficient detail to enable personnel to locate the system of records containing the record with a reasonable amount of effort." 31 C.F.R. §§ 1.26(d)(1)(iii)-(iv). The alleged requests at issue in this case fall short of identifying the system of records to be searched and specifically describing the records requested. Further, the Privacy Act at most allows access to the requester's own information. 5 U.S.C. § 552a(d)(1). Therefore, even if the requests were considered perfected under the Privacy Act, Plaintiff cannot request his father's records under the Act.

**Exhaustion of Administrative Remedies Under FOIA**

The Freedom of Information Act (FOIA) requires that an individual exhaust all administrative remedies before filing a judicial action. *Lamb v. IRS*, 871 F. Supp 301,

303 (E.D. Mich. 1994) (*citing Hedley v. United States*, 594 F.2d 1043 (5th Cir. 1979)); *see also Auto Alliance Int'l, Inc. v. U.S. Customs Serv.*, 155 F. App'x 226, 228 (6th Cir. 2005) (holding that "exhaustion of administrative remedies is a threshold requirement to a FOIA claim"). In addition, a plaintiff must present proof of exhaustion of administrative remedies in order to obtain judicial review. *Hedley*, 594 F.2d at 1044; *Thomas v. U.S. Dep't of Justice*, 260 Fed. Appx. 677, 680 (5th Cir. 2007).

There are two types of exhaustion under FOIA: actual and constructive. *Ocon-Fierro v. Drug Enforcement Admin.*, 1:10-CV-1228, 2013 WL 869911, at *6 (W.D. Mich. Feb. 15, 2013) (*citing Taylor v. Appleton*, 30 F.3d 1365, 1368 (11th Cir. 1994)). "Actual exhaustion occurs when the agency denies all or part of a party's document request." *Taylor*, 30 F.3d at 1368. A party is deemed to have actually exhausted all administrative remedies when he or she files a proper request with the appropriate agency and appeals any adverse determinations administratively. *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 61 (D.C.Cir.1990); *Wells v. U.S. Dep't of Educ.*, 2009 WL 2475434, at *2 (M.D.La. Aug.12, 2009). Constructive exhaustion occurs when the agency fails to comply with the applicable time limit provisions of the Act. 5 U.S.C. § 552(a)(6)(C).

In Defendant's Motion to Dismiss [7], Defendant IRS alleges Plaintiff never provided the necessary information to meet the FOIA requirements for a proper or

perfected request. The IRS alleges that because Plaintiff did not make a proper request for records under FOIA or the Privacy Act, and did not perfect any of his improper requests, there was never a proper request for the IRS to consider or deny. Therefore, the IRS claims it never made, and was never able to make, an adverse determination for Plaintiff to administratively appeal or to appeal to this Court. The IRS claims that because Plaintiff failed to file a proper FOIA request and never appealed an adverse determination, he has failed to exhaust his administrative remedies, and that therefore, the Complaint [1] should be dismissed for lack of subject matter jurisdiction.

Plaintiff alleges that he attempted to appeal on two separate occasions. First, Plaintiff's fifth request to the IRS, dated September 17, 2012, indicated Plaintiff was "appealing" the IRS's adverse determination. Plaintiff's fifth request stated that he included a copy of his allegedly perfected response, which was an exact copy of his third request. However, Plaintiff did not include the necessary documents required by the IRS to perfect any of his earlier FOIA requests as explained in the IRS' letters responding to Plaintiff's prior requests. Therefore, Plaintiff's fifth request, or "appeal," was not a proper request because it did not reasonably describe the records sought or include the necessary documents required to comply with the "published rules stating the time, place, fees (if any), and procedures to be followed." 5 U.S.C. § 552(a)(3)(A). Nor did the fifth request perfect the third request, because it did not include the necessary information required by the IRS. *Id.* Therefore, the IRS treated

this letter from Plaintiff as a new request, and responded on October 12, 2012 requesting additional information.

In Plaintiff's Response [8] to Defendant's Motion to Dismiss [7], Plaintiff describes his second alleged attempt to make an appeal. Plaintiff states that he sent an appeal letter to the IRS dated August 24, 2012. In the August 24 letter, Plaintiff noted that he received a letter from the IRS dated August 14, 2012, which informed him to provide written consent from the executor of is father's estate in order to receive tax documents. In the appeal letter, Plaintiff responded arguing that, "FOIA was designed to encourage open disclosure of public information and all documents held by the government are presumed subject to disclosure." *Currie v. I.R.S.*, 704 F.2d 523, 530 (11th Cir. 1983).

Under FOIA, an agency may not withhold or limit the availability of any record, unless one of the FOIA's specific exceptions applies. 5 U.S.C. § 552(d). One such exception occurs when there are other laws that restrict the availability of information, such as Section 6103 of the Internal Revenue Code (IRC), which governs the disclosure of tax returns and return information. Tax records may not be disclosed to any individual unless authorized by IRC Section 6103. Plaintiff's request for his father's Employee Identification Number falls under an exception that requires more information than Plaintiff provided to the IRS in his request. Therefore, the IRS did not make an adverse determination, but instead required written consent from the

10

executor of Plaintiff's father's estate to comply with law governing the disclosure of tax related information, and to perfect the request.

Plaintiff's Response [8] to Defendant's Motion to Dismiss [7] includes a letter from the IRS dated December 19, 2012. This letter was in response to Plaintiff's FOIA request dated August 24, 2012, which the IRS noted was received on December 7, 2012. This December 19 letter stated Plaintiff must provide proof of his right to access the requested records. When Plaintiff submitted this letter within his Response [8], he made a handwritten note on the second page of the letter, which asserted that he perfected his FOIA requests. However, Plaintiff failed to show that he included any of the information required by the IRS in its responses to Plaintiff's prior FOIA requests.

Moreover, this allegedly perfected request would have been submitted after Plaintiff filed the Complaint [1], which occurred on October 26, 2012. Therefore, Plaintiff failed to submit a proper or perfected FOIA request before commencing this suit. *See Lamb v. IRS*, 871 F. Supp 301, 303 (E.D. Mich. 1994) (*citing Hedley v. United States*, 594 F.2d 1043 (5th Cir. 1979) ("We conclude that the FOIA should be read to require that a party must present proof of exhaustion of administrative remedies prior to seeking judicial review.")).

11

## V. Conclusion

Plaintiff failed to file a proper FOIA request that complied with the rules of the agency, nor did he perfect any of his improper requests. Therefore, Plaintiff never submitted a completed FOIA request for the IRS to consider or deny, and the IRS could not have made an adverse determination for Plaintiff to appeal.

Because Plaintiff failed to exhaust administrative remedies, this Court lacks subject matter jurisdiction.

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss [7] is **GRANTED** and the case is **DISMISSED**.

**SO ORDERED**.

s/Arthur J. Tarnow
ARTHUR J. TARNOW
SENIOR U.S. DISTRICT JUDGE

DATE: July 3, 2013

---

### CERTIFICATE OF SERVICE

I hereby certify on July 3, 2013 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on July 3, 2013: **Patrick Fields.**

s/Michael E. Lang
Deputy Clerk to
District Judge Arthur J. Tarnow

12